ROBERT WHITELEY v. THE STATE

No. 17826. Delivered January 15, 1936.

536

The opinion states the case.

*Joe Burkett,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for libel; punishment, confinement in the county jail for thirty days.

We are in serious doubt as to the sufficiency of the complaint and information. It is alleged that the accused made, etc., a malicious statement concerning Martin Wright. The pleader then proceeds to quote and set out various excerpts from a supposed document which is not printed in full, and,— as far as we can learn,—nowhere contains any averment as to who Martin Wright may be, whether a private citizen, or one holding some official position in the city of San Antonio or in the County of Bexar. The first quotation in the information is as follows: "Martin Wright who has furnished Negro Boss Bellinger his protection for many years, and in return has sold many electrical fixtures to Charlie, that he somehow forgot to deliver as in some other cases we know about, is unable to help friend Charlie any more." This is followed by an innuendo averment evidently intended to be explanatory, as follows: "Meaning thereby that the said Martin Wright has taken money from the said Charlie Bellinger for the purpose of giving the said Charlie Bellinger police protection therefor." There is nothing in the innuendo averment, except most inferentially, which informs us that the "Charlie" referred to in the quotation from the libelous document was Charlie Bellinger, and nothing informs us how or in what manner Martin Wright had the ability to furnish Bellinger police protection, which manifestly, as a private citizen, he could not do. Neither the quotation from the alleged libelous document, nor the innuendo

averment is at all definite or specific. The quotation from the alleged libelous document makes it appear that Martin Wright has furnished some one named Bellinger "His protection," and in return has sold many electrical fixtures. We see nothing in this to indicate or support the innuendo averment that the alleged libeler intended to say that Martin Wright had furnished Bellinger police protection.

Looking to the second quotation from the alleged libelous document, said quotation winds up with the statement: "He never thought that he would ever be called to account for his acts," and is followed by the innuendo averment, as follows: "Meaning thereby that the said Martin Wright had committed illegal and dishonest acts." This also occurs to us to be but a conclusion of the pleader, and not to be a fair explanation of an expression, phrase, etc., which was not clear. The word "Acts" is one of very common usage, and to say that a man who speaks of the acts of another intends thereby to assert that such other has committed illegal and dishonest acts, would not appear to be a legitimate inference, nor one that could be read into the word "Acts" merely by such innuendo averment. Again, from the alleged document it is quoted as follows: "No, not he. Is he not king of the Underworld?" This is followed by the following innuendo averment: "Meaning thereby that the said Martin Wright assisted the underworld in committing illegal and dishonest acts." We have no means of knowing what was in the mind of the writer when he used the word "Underworld," nor do we think such expression to be explained or to be made clear by the innuendo averment referred to.

We have, as indicated, serious doubts as to the sufficiency of the information, but our attention has been called to the following: Neither the information nor the complaint charges the libel to consist of any circulation of a paper or document called or known as "Bare Facts." We find in the charge of the court applying the law to the facts an instruction to the jury that if they find from the evidence beyond a reasonable doubt that appellant was interested in the circulation, or in any manner participated in the circulation of the issue of Bare Facts of February 1, 1935, they should find him guilty. It is not incumbent upon the trial judge in misdemeanor cases to instruct the jury in writing, but if he does see fit to so instruct them he cannot give them an instruction that is directly contrary to the offense laid in the complaint and information. Appellant is not charged in the information with being interested in the circulation of "Bare Facts" of February 1, 1935, nor that

he in any manner participated in the circulation of the issue of Bare Facts of said date. The charge of the court is wholly contrary to and apparently unsupported by any averment in this record. There is no statement of facts in the record, and apparently no justification for the charge of the court.

The judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*